| PROB 22 (Rev. 2/88) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)* 1:04CR00006-002 |
| --- | --- | --- |
| | | DOCKET NUMBER *(Rec. Court)* 5:05CR13-1-V |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
| --- | --- | --- |
| James Edward Brown 627 BH Duncan Road Zionville, NC 28698 | WESTERN DISTRICT OF VIRGINIA | WESTERN DISTRICT OF VIRGINIA |

**F I L E D**
STATESVILLE, N.C.

**FEB 1 4 2005**

**U.S. DISTRICT COURT
W. DIST. OF NC**

| NAME OF SENTENCING JUDGE Honorable James P. Jones, Chief U.S. District Judge | | |
| --- | --- | --- |
| DATES OF PROBATION/SUPERVISED RELEASE: | FROM January 21, 2005 | TO January 20, 2008 |

**OFFENSE**
Conspiracy to Engage in Unlawful Firearm Transactions, in violation of 18 U.S.C. § 371
Engage in Business to Transport Firearms without a License in Interstate Commerce, in violation of 18 U.S.C. §§ 2 and 922(a)(1)(A)
Sell a Firearm to a Felon, in violation of 18 U.S.C. §§ 922(a)(1) and 924(a)(2)

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>WESTERN DISTRICT OF VIRGINIA</u>

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the WESTERN DISTRICT OF NORTH CAROLINA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.\*

| *1/25/05* | |
| --- | --- |
| Date | United States District Judge |

\*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| *Feb 4, 2005* | |
| --- | --- |
| Effective Date | United States District Judge |

CC: USA, USPO
RLV

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

AUG 3 0 2004

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

UNITED STATES OF AMERICA      :

     :    Case No. 1:04CR00006-002

vs.      :

     :    Violations:

JAMES EDWARD BROWN      :    18 U.S.C. § 371

     :    18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D)

     :    18 U.S.C. §§ 922(d)(1), 924(a)(2)

## INFORMATION

### COUNT ONE

The United States Attorney charges that:

1. On or about and between May 14, 2003 and December 10, 2003, in the Western District of Virginia and elsewhere, JAMES EDWARD BROWN and Bill Wallace did unlawfully, willingly, and knowingly conspire to commit certain offenses against the United States as follows:

To engage in the business of dealing in firearms affecting interstate commerce by a person without a Federal firearms license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

2. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Western District of Virginia and elsewhere:

(a) On or about and between May 14, 2003 and December 10, 2003, Bill Wallace sold firearms to JAMES EDWARD BROWN at the Army Surplus and Variety Store in Mountain

Page 1 of 5

City, Tennessee.

(b) On or about and between May 14, 2003 and December 10, 2003, JAMES EDWARD BROWN visited Snapps Trading Post in Chilhowie, Virginia for the purpose of selling firearms.

(c) On or about May 14, 2003, JAMES EDWARD BROWN sold a firearm at Snapps Trading Post in Chilhowie, Virginia to a person ("Person A"), unnamed but known to the grand jury.

(d) On or about May 28, 2003, JAMES EDWARD BROWN sold a firearm at Snapps Trading Post in Chilhowie, Virginia to Person A.

(e) On or about June 4, 2003, JAMES EDWARD BROWN sold a firearm at Snapps Trading Post in Chilhowie, Virginia to Person A.

(f) On or about July 16, 2003, JAMES EDWARD BROWN sold a firearm at Snapps Trading Post in Chilhowie, Virginia to a person ("Person B"), unnamed but known to the grand jury.

3. During all times relevant to the Indictment, JAMES EDWARD BROWN was not a licensed importer, manufacturer, dealer, or collector of firearms.

4. All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The United States charges that:

1. On or about and between May 14, 2003 and December 10, 2003, in the Western District of Virginia and elsewhere, JAMES EDWARD BROWN willfully engaged in the business of dealing in firearms without a license, and in the course of such business transported

Case 5:05-cr-00013-RLV   Document 1   Filed 02/14/05   Page 3 of 24

firearms in interstate commerce from the State of Tennessee to the Commonwealth of Virginia.

2. During all times relevant to the Indictment, JAMES EDWARD BROWN was not a licensed importer, manufacturer, dealer, or collector of firearms.

3. All in violation of Title 18, United States Code, Sections 2, 922(a)(1)(A), and 924(a)(1)(D).

## COUNT THREE

The Grand Jury charges that:

1. On or about July 16, 2003, in the Western District of Virginia and elsewhere, JAMES EDWARD BROWN, knowingly sold a firearm, a Smith & Wesson, model 67, .38 caliber revolver, s/n 5K96020, to a person ("Person B") unnamed, but known to the grand jury, knowing and having reasonable cause to believe that Person B had been convicted of a crime punishable by imprisonment for a term exceeding one year.

2. All in violation of Title 18, United States Code, Sections 922(d)(1) and 924(a)(2).

## COUNT FOUR
## FORFEITURE ALLEGATION

**(A)** As the result of committing one or more of the offenses in violation of 18 U.S.C. §§ 922(a)(1)(A) and (d)(1), and 924(a)(1)(D), alleged in Counts Two and Three of this Information, Defendant JAMES EDWARD BROWN shall forfeit to the United States pursuant to 18 U.S.C. § 924(d), as authorized by 28 U.S.C. § 2461, all firearms and ammunition involved in the commission of the offense, including but not limited to the following:

1. Winchester, model 1200, .12 gauge shotgun, s/n L998036;
2. Marlin, model 60, .22 caliber rifle, s/n 13488277;
3. Marlin, model 883SS, .22 caliber rifle, s/n 97652355;
4. Winchester, model 70, .300 caliber, s/n G375015;
5. Smith & Wesson, model SW9, 9mm pistol, s/n KAA2722;

Page 3 of 5

6. Colt, model Python Elite, .357 caliber revolver, s/n PE06005;
7. Heckler & Koch, model USP Compact, .45 caliber pistol, s/n 29-014464;
8. Colt, model Python, .357 caliber revolver, s/n K45420;
9. Smith & Wesson, .357 caliber revolver, s/n CEF1303;
10. Ruger, model Super Blackhawk, .44 caliber revolver, s/n 82-07680;
11. Taurus, model PT22, .22 caliber pistol, s/n AQH71818;
12. Charles Daly, Field Model, .12 gauge shotgun, s/n 2124926;
13. Connecticut Valley Arms. Inc., .12 gauge shotgun, s/n 0187627;
14. Marlin, GA30 – Limited Edition Westpoint, 30-30 caliber rifle, s/n 09013187;
15. Winchester, Ranger 120, .12 gauge shotgun, s/n L1434946;
16. Remington, model 1100, .12 gauge shotgun, s/n L871781V;
17. Winchester, model M59 Win-Lite, .12 gauge shotgun, s/n 70198;
18. Mossberg, model 500A, .12 gauge shotgun, s/n P828863;
19. Remington, model 700, .17 caliber rifle, s/n G6299229;
20. Marlin, model 81TS, .22 caliber rifle, s/n 00336705;
21. Marlin, model Stainless 883SS, .22 caliber rifle, s/n 97600625;
22. Connecticut Valley Arms. Inc., .12 gauge shotgun, s/n 007463.

**(B)** As a result of committing one or more of the offenses in violation of 18 U.S.C. § 371, as alleged in Count One of this Information, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), as authorized by 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said violation(s), including but not limited to the following:

1. Money Judgment: Not less than $20,000.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of the aforestated offense(s) or is traceable to such property.

**(C)** If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property, including but not limited to the property described above.

This ___30th___ day of August, 2004.

John L. Brownlee (by JRB)
JOHN L. BROWNLEE
United States Attorney

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JAN 06 2004

JOHN F. CORCORAN, CLERK
BY:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Case No. 1:04CR00006 |
| vs. | : |
| | : Violations: |
| BILL WALLACE | : 18 U.S.C. § 371 |
| JAMES EDWARD BROWN | : 18 U.S.C. §§ 2, 922(a)(1)(A), 924(a)(1)(D) |
| | : 18 U.S.C. §§ 922(a)(5), 924(a)(1)(D) |
| | : 18 U.S.C. §§ 922(d)(1), 924(a)(2) |
| | : 18 U.S.C. § 922(g)(3) ~~Bill's 3rd~~ |

## INDICTMENT

## COUNT ONE

The Grand Jury charges that:

1. On or about and between May 14, 2003 and December 10, 2003, in the Western District of Virginia and elsewhere, BILL WALLACE and JAMES EDWARD BROWN, did unlawfully, willingly, and knowingly conspire to commit certain offenses against the United States as follows:

To engage in the business of dealing in firearms affecting interstate commerce by a person without a Federal firearms license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

2. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Western District of Virginia and elsewhere:

(a) On or about and between May 14, 2003 and December 10, 2003, BILL WALLACE sold firearms to JAMES EDWARD BROWN at the Army Surplus and Variety Store in Mountain City, Tennessee.

(b) On or about and between May 14, 2003 and December 10, 2003, JAMES EDWARD BROWN visited Snapps Trading Post in Chilhowie, Virginia for the purpose of selling firearms.

(c) On or about May 14, 2003, JAMES EDWARD BROWN sold a firearm at Snapps Trading

Page 1 of 4

Post in Chilhowie, Virginia to a person ("Person A"), unnamed but known to the grand jury.

(d) On or about May 28, 2003, JAMES EDWARD BROWN sold a firearm at Snapps Trading Post in Chilhowie, Virginia to Person A.

(e) On or about June 4, 2003, JAMES EDWARD BROWN sold a firearm at Snapps Trading Post in Chilhowie, Virginia to Person A.

(f) On or about July 16, 2003, JAMES EDWARD BROWN sold a firearm at Snapps Trading Post in Chilhowie, Virginia to a person ("Person B"), unnamed but known to the grand jury.

3. All in violation of Title 18, United States Code, Section 371.

COUNT TWO

The Grand Jury charges that:

1. On or about and between May 14, 2003 and December 10, 2003, in the Western District of Virginia and elsewhere, BILL WALLACE and JAMES EDWARD BROWN, as principals and aiders and abettors, willfully engaged in the business of dealing in firearms without a license, and in the course of such business transported firearms in interstate commerce from the State of Tennessee to the Commonwealth of Virginia.

2. All in violation of Title 18, United States Code, Sections 2, 922(a)(1)(A), and 924(a)(1)(D).

COUNT THREE

The Grand Jury charges that:

1. On or about May 14, 2003, in the Western District of Virginia and elsewhere, JAMES EDWARD BROWN, not being a licensed importer, manufacturer, dealer, and collector of firearms, willfully transferred, sold, and delivered a firearm, a Colt, .45 caliber pistol, s/n GCT10039, to a person ("Person A"), unnamed but known to the grand jury, who was not a licensed importer, manufacturer, dealer, and collector of firearms, knowing or having reasonable cause to believe that Person A was then

residing in the Commonwealth of Virginia, a State other than that in which he residing at the time of the aforesaid transfer, sale, and delivery of the firearm.

2. All in violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

COUNT FOUR

The Grand Jury charges that:

1. On or about May 28, 2003, in the Western District of Virginia and elsewhere, JAMES EDWARD BROWN, not being a licensed importer, manufacturer, dealer, and collector of firearms, willfully transferred, sold, and delivered a firearm, a Glock .40 caliber, model 27 pistol, s/n FEA172, to a person ("Person A"), unnamed but known to the grand jury, who was not a licensed importer, manufacturer, dealer, and collector of firearms, knowing or having reasonable cause to believe that Person A was then residing in the Commonwealth of Virginia, a State other than that in which he was residing at the time of the aforesaid transfer, sale, and delivery of the firearm.

2. All in violation of Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

COUNT FIVE

The Grand Jury charges that:

1. On or about November 26, 2003, in the Western District of Virginia and elsewhere, JAMES EDWARD BROWN, not being a licensed importer, manufacturer, dealer, and collector of firearms, willfully transferred, sold, and delivered a firearm, a Smith & Wesson, model SW9F, 9mm semi-automatic pistol, s/n PAJ0017, to a person ("Person A"), unnamed but known to the grand jury, who was not a licensed importer, manufacturer, dealer, and collector of firearms, knowing or having reasonable cause to believe that Person A was then residing in the Commonwealth of Virginia, a State other than that in which he was residing at the time of the aforesaid transfer, sale, and delivery of the firearm.

Page 3 of 4

2. All in violation of Title 18, United States Code, Sections 2, 922(a)(5) and 924(a)(1)(D).

COUNT SIX

The Grand Jury charges that:

1. On or about July 16, 2003, in the Western District of Virginia and elsewhere, JAMES EDWARD BROWN, knowingly sold a firearm, a Smith & Wesson, model 67, .38 caliber revolver, s/n 5K96020, to a person ("Person B") unnamed, but known to the grand jury, knowing and having reasonable cause to believe that Person B had been convicted of a crime punishable by imprisonment for a term exceeding one year.

2. All in violation of Title 18, United States Code, Sections 922(d)(1) and 924(a)(2).

A TRUE BILL, this _____6⁻ᵗʰ_____ day of January, 2004.

_Jim Miller_
Grand Jury Foreperson

_John L. Brownlee (by JKB)_
JOHN L. BROWNLEE
United States Attorney

Page 4 of 4

CLERK'S OFFICE U.S. DIST COU[  
AT ABINGDON, VA  
FILED

JAN 2 4 2005

JOHN F. CORCORAN, CLERK  
BY: _____  
     DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## Western District of Virginia

UNITED STATES OF AMERICA  
V.

JAMES EDWARD BROWN

**JUDGMENT IN A CRIMINAL CASE**

5.05CR13-1-V

Case Number:   1:04CR00006-002

USM Number:   09908-084

David Scyphers  
_____  
Defendant's Attorney

## THE DEFENDANT:

[X] pleaded guilty to count(s)    1s, 2s and 3s

[ ] pleaded nolo contendere to count(s)  
   which was accepted by the court.

[ ] was found guilty on count(s)  
   after a plea of not guilty,

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Engage in Unlawful Firearm Transactions | December 10, 2003 | 1s |
| 18 USC 2, 922(a)(1)(A) and | Engage in Business to Transport Firearms without a License in Interstate Commerce | December 10, 2003 | 2s |
| 18 UC 922(a)(1) and 924(a)(2) | Sell a Firearm to a Felon | July 16, 2003 | 3s |

    The defendant is sentenced as provided in pages 2 through    _5_    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[ ] Count(s) _____ [ ] is [ ] are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 21, 2005  
_____  
Date of Imposition of Judgment

_____  
Signature of Judge

James P. Jones, Chief United States District Judge  
_____  
Name and Title of Judge

1/21/05  
_____  
Date

DEFENDANT:    JAMES EDWARD BROWN
CASE NUMBER: 1:04CR00006-002

# PROBATION

The defendant is hereby sentenced to probation for a term of :

Three (3) years as to each count to run concurrent.

## MANDATORY CONDITIONS OF SUPERVISION

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☒   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:    JAMES EDWARD BROWN
CASE NUMBER: 1:04CR00006-002

# SPECIAL CONDITIONS OF SUPERVISION

While on probation, the defendant:

(1) Must pay any monetary penalty that is imposed by this judgment in the manner directed by the court;

(2) Must not possess a firearm as defined in 18 U.S.C. § 921, including a destructive device, and must reside in a residence free of the same;

(3) Must submit to warrantless search and seizure of person and property by the probation officer or other law enforcement officer, whenever such officer has reasonable suspicion that the defendant is engaged in criminal activity; and

(4) Must provide  200 hours of community service as approved by the probation officer.

DEFENDANT:    JAMES EDWARD BROWN
CASE NUMBER: 1:04CR00006-002

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|------------------|
| TOTALS | $ 300.00       | $ 5000.00 | $              |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|------------------|-------------------------|----------------------------|
| TOTALS            | $0.00            | $0.00                   |                            |

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  the interest requirement is waived for the   ☐  fine   ☐  restitution.

   ☐  the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 13, 1996.

DEFENDANT:     JAMES EDWARD BROWN                    Judgment - Page   5   of   5
CASE NUMBER: 1:04CR00006-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  [X]  Lump sum payment of $ 5300.00 _____ due immediately, balance due

      [ ]  not later than _____ , or
      [ ]  in accordance     [ ] C,     [ ] D,     [ ] E, or   [X] F below; or

**B**  [ ]  Payment to begin immediately (may be combined with     [ ]C,     [ ]D, or   [ ]F below); or

**C**  [ ]  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  [ ]  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**  [ ]  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  [X]  Special instructions regarding the payment of criminal monetary penalties:

Receipt number 115184 issued on August 31, 2004 for $300 by the Clerk's Office / Abingdon Division of the USDC / WDVA

Any installment schedule is subject to adjustment by the court at any time during the period of imprisonment or supervision, and the defendant shall notify the probation officer and the U.S. Attorney of any change in the defendant's economic circumstances that my affect the defendant's ability to pay.

All criminal monetary penalties shall be made payable to the Clerk, U.S. District Court, P.O. Box 1234, Roanoke, Virginia 24006, for disbursement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.
[ ]  Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[X]  The defendant shall forfeit the defendant's interest in the following property to the United States:
      See attached order of forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

CLERK'S OFFICE U.S. DIST COURT
AT ABINGDON, VA
FILED

JAN 2 4 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

UNITED STATES OF AMERICA     :
                             : **ORDER OF FORFEITURE**
        v.                   :
                             :
JAMES EDWARD BROWN           :     Case No. 1:04CR00006-002

Whereas in Count Four of the Information, the United States sought forfeiture of:

(a) a monetary judgment for not less than $20,000.00, in that said sum in aggregate was obtained directly or indirectly as a result of violations of 18 U.S.C. Section 371, as alleged in Count One of the Information, and also sought forfeiture of any property which constitutes or is derived from proceeds traceable to said violations;

(b) all firearms and ammunition involved in the commission of a violation of 18 U.S.C. Sections 922(a)(1)(A) and 924(a)(1)(D) as alleged in Counts Two and Three of this Information;

And whereas Defendant Brown entered into a Plea Agreement wherein he pled guilty to Counts One, Two and Three, the unlawful activity giving rise to the forfeiture herein;

And whereas Defendant agrees that not less than $20,000.00 in aggregate was obtained directly or indirectly as a result of said violations, and acknowledges that grounds exist for the forfeiture of a monetary judgment in the sum of $20,000.00, as this sum represents the value of property involved in said violations, and is therefore subject to forfeiture pursuant to 18 U.S.C. Section 981(a)(1)(C) as authorized by 28 U.S.C. Section 2461(c);

Page 1 of 3

And whereas Defendant agrees that in satisfaction of the $20,000.00, the United States shall retain $20,000.00 of the approximately $55,000.00 seized herein. The balance of said funds shall be returned to defendant.

And whereas Defendant agrees to the forfeiture of any and all firearms or ammunition seized during the investigation herein, via judicial or administrative forfeiture proceedings, as these assets represent property involved in the commission of a violation of 18 U.S.C. Sections 922(a)(1)(A) and 924(a)(1)(D);

WHEREFORE IT IS HEREBY ORDERED pursuant to rule 32.2 of the Federal Rules of Criminal Procedure that:

**1.** Based upon the Information filed herein, the guilty plea of Defendant Brown, and the evidence of record, the following property is hereby forfeited to the United States for disposition in accordance with law:

> (a) a money judgment in the amount of $20,000.00 as this sum represents the amount of money involved in and/or derived from a violation of 18 U.S.C. Section 371. The United States shall retain $20,000.00 of the seized currency and it shall be forfeited to the United States in satisfaction of the $20,000.00 judgment pursuant to 18 U.S.C. Section 981(a)(1)(C), as authorized by 28 U.S.C. Section 2461(c).

**2.** The firearms and/or ammunition seized as a result of the investigation herein, having been parallel processed for forfeiture via administrative forfeiture proceedings conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE), and Declarations of Forfeiture having issued as a result thereof, no further judicial forfeiture action is required as to these assets.

**3.** The Court finds that no publication or other notice shall be required, given that this

Page 2 of 3

matter is being resolved via payment of untainted funds of the defendant in satisfaction of the $20,000.00 judgment.

**4.** Upon sentencing, a copy of this Order shall be included in the Judgment and Commitment Order.

**5.** The Clerk of Court shall certify three copies of this Order to the United States Attorney's Office, Asset Forfeiture Section, P.O. Box 1709, Roanoke, Virginia 24008, and shall certify copies to counsel of record and the U.S. Probation office.

SEEN AND AGREED:

Date: _1/21/2005_

_Jennifer R Bockhorst_
Jennifer R. Bockhorst, Assistant U. S. Attorney

Date: _1-21-05_

_James Edward Brown_
James Edward Brown, Defendant

Date: _1-21-05_

_David L. Scyphers_
David L. Scyphers, Counsel for Defendant

ENTERED THIS _21_ DAY OF _January_, 2005.

_[signature]_
UNITED STATES DISTRICT JUDGE

Page 3 of 3

PRIOR

# U.S. District Court
# Western District of Virginia (Abingdon)
# CRIMINAL DOCKET FOR CASE #: 1:04-cr-00006-jpj-pms-2

Case title: USA v. Wallace, et al                    Date Filed: 01/06/2004

Assigned to: Judge James P. Jones
Referred to: Magistrate Judge Pamela
Meade Sargent

## Defendant

**James Edward Brown** (2)                 represented by **David L. Scyphers**
*TERMINATED: 01/24/2005*                   SCYPHERS & AUSTIN, P.C.
                                           189 EAST VALLEY STREET
                                           ABINGDON, VA 24210
                                           276-628-7167
                                           Fax: 276-628-8736
                                           Email: dlssa@eva.org
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*
                                           *Designation: Retained*

## Pending Counts                          ## Disposition

CONSPIRACY TO DEFRAUD THE
UNITED STATES -- 18 USC 371 --             Probation term of three (3) years w/
Felony -- Knowingly conspire to            special conditions(concurrent); $100
engage in the business of dealing in       Special Assessment; Total fine of
firearms without a Federal firearms        $5000
license (December 10, 2003)
(1s)

IMPORTING/MANUFACTURING
FIREARMS -- 18 USC 2, 922(a)(1)(A)         Probation term of three (3) years w/
and 924(a)(1)(D) -- Felony -- Willfully    special conditions(concurrent); $100
engage in the business of dealing in       Special Assessment; Total fine of
firearms without a license (December       $5000
10, 2003)
(2s)

SELL FIREARMS TO ADDICTS,
FELONS, FUGITIVES -- 18 USC 922            Probation term of three (3) years w/
(d)(1) and 924(a)(2) -- Felony --          special conditions(concurrent); $100
Knowingly sold a firearm to a convicted    Special Assessment; Total fine of
felon (July 16, 2003) and Count 4 --       $5000
Forfeiture -- 21 USC 853
(3s)

## Highest Offense Level (Opening)

Felony

| Terminated Counts | Disposition |
| --- | --- |
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES -- 18 USC 371 -- Felony - Knowingly conspire to engage in the business of dealing in firearms affecting interstate commerce by a person without a federal firearms license (December 10, 2003) (1) | Dismissed / Superseding information filed |
| 18:922A.F IMPORTING/MANUFACTURING FIREARMS -- 18 USC 2 and 18 USC 922(a)(1)(A) and 924(a)(1)(D) - Felony - As principals and aiders and abettors, willfully engaged in the business of dealing in firearms without a license (December 10, 2003) (2) | Dismissed / Superseding Information Filed |
| 18:922A.F IMPORTING/MANUFACTURING FIREARMS -- 18 USC 922(a)(5) and 924(a)(1)(D) -- Felony -- Willfully sold a firearm and not being a licensed dealer of firearms (Count 3 - May 14, 2003; Count 4 - May 28, 2003 and Count 5 - November 26, 2003) (3-5) | Dismissed / Superseding information filed |
| 18:922D.F SELL FIREARMS TO ADDICTS, FELONS, FUGITIVES -- 18 USC 922(d)(1) and 924(a)(2) -- Felony -- Knowingly sold a firearm to a convicted felon (July 16, 2003) (6) | Dismissed / Superseding information filed |

## Highest Offense Level (Terminated)

Felony

| Complaints | Disposition |
| --- | --- |
| None | |

---

## Plaintiff

**USA**                                      represented by **Jennifer R. Bockhorst**
                                                            UNITED STATES ATTORNEYS
                                                            OFFICE
                                                            180 WEST MAIN STREET
                                                            ABINGDON, VA 24210
                                                            276-628-4161
                                                            Fax: 276-628-7399
                                                            Email: abingdon.notices@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/06/2004 | 12 | INDICTMENT as to Bill Wallace (1) count(s) 1, 2, James Edward Brown (2) count(s) 1, 2, 3-5, 6 (aec) (Entered: 01/08/2004) |
| 01/06/2004 | 13 | MOTION by USA as to Bill Wallace, James Edward Brown for Voluntary Disclosure of Grand Jury and Other Materials and for Limitations on Further Disclosure (aec) (Entered: 01/08/2004) |
| 01/06/2004 | 14 | ORDER as to Bill Wallace, James Edward Brown granting [13-1] motion for Voluntary Disclosure of Grand Jury and Other Materials and for Limitations on Further Disclosure (Signed by Magistrate Judge Pam M. Sargent ) (aec) (Entered: 01/08/2004) |
| 01/09/2004 | | NOTICE:, set Initial Appearance for 9:30 1/23/04 for James Edward Brown , and set Arraignment for 9:30 1/23/04 for James Edward Brown (eps) |
| 01/09/2004 | | Summons(es) issued for James Edward Brown Arraignment set for 9:30 1/23/04 for James Edward Brown (eps) |
| 01/23/2004 | | Initial Appearance as to James Edward Brown (Defendant informed of rights.) Defendant(s) present with counsel. ( presiding Magistrate Judge Pam M. Sargent Court Reporter: Ella Surber, ECRO) (ejs) |
| 01/23/2004 | | Bond Hearing as to James Edward Brown Defendant(s) present with counsel. ( presiding Magistrate Judge Pam M. Sargent Court Reporter: Ella Surber, ECRO) (ejs) |
| 01/23/2004 | | Arraignment as to James Edward Brown ( presiding Magistrate Judge Pam M. Sargent Court Reporter: Ella Surber, ECRO) Defendant(s) present with counsel, entered pleas of Not Guilty to all counts. (ejs) |
| 01/23/2004 | 15 | APPEARANCE BOND entered by James Edward Brown in Amount $ 10,000 unsecured (ejs) |
| 01/23/2004 | 16 | ORDER SETTING CONDITIONS OF RELEASE WITH ADDITIONAL CONDITIONS AND ADVICE as to James Edward Brown Bond set to $10,000 unsecured for James Edward Brown. ( Signed by Magistrate Judge Pam M. Sargent ) (ejs) |
| 01/23/2004 | 17 | SUMMONS returned executed 1/14/04 as to James Edward Brown (aec) |

| 01/23/2004 | 18 | ORDER as to Bill Wallace, James Edward Brown, ORDERED that all pretrial motions, except motions to dismiss or quash the indictment or motions to suppress evidence, are referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, pursuant to 28 U.S.C. 636(b)(1)(A) for hearing and determination no later than the pretrial conference. Pursuant to Rule 12(c) of the Federal Rules of Criminal Procedure, it is further ORDERED that all pretrial motions must be filed at least five days prior to the pretrial conference. ( Signed by Judge James P. Jones ) (ejs) |
|---|---|---|
| 02/26/2004 | ❍ | ORAL MOTION to Continue-Ends of Justice by Bill Wallace as to Bill Wallace, James Edward Brown. (ejs, ) |
| 02/26/2004 | ❍ | ORDER granting [] Motion to Continue-Ends of Justice as to Bill Wallace (1), James Edward Brown (2). Signed by Judge Pamela Meade Sargent on 2/26/04. (ejs, ) |
| 02/27/2004 | ❍22 | ORDER as to Bill Wallace, James Edward Brown re Order on Motion to Withdraw as Attorney, Oral Order, Add and Terminate Attorneys, MOTION to Continue-Ends of Justice, Order on Motion to Continue-Ends of Justice. Follows oral order of 2/26/04. Signed by Judge Pamela Meade Sargent on 2/27/04. (Sargent, Pamela) |
| 04/01/2004 | ❍25 | NOTICE OF HEARING as to Bill Wallace, James Edward Brown: Jury Trial set for 5/18 and 19/2004 09:00 AM in Abingdon before Judge James P. Jones. Pretrial Conference set for 5/10/2004 10:00 AM in Abingdon before Magistrate Judge Pamela Meade Sargent. (aec) |
| 04/22/2004 | ❍26 | NOTICE OF HEARING as to Bill Wallace, James Edward Brown Pretrial Conference set for 5/10/2004 02:00 PM in Abingdon before Magistrate Judge Pamela Meade Sargent. (eps, ) |
| 05/07/2004 | ❍29 | NOTICE OF HEARING as to Bill Wallace, James Edward Brown: Jury Trial set for 8/24/2004 09:00 AM in Abingdon before Judge James P. Jones. Pretrial Conference set for 8/3/2004 10:30 AM in Abingdon before Magistrate Judge Pamela Meade Sargent. (aec) |
| 08/03/2004 | ❍32 | Minute Entry for proceedings held before Judge Pamela Meade Sargent :Pretrial Conference as to Bill Wallace, James Edward Brown held on 8/3/2004 (Court Reporter Ella Surber, ECRO.) (ejs, ) |
| 08/04/2004 | ❍34 | JURY TRIAL CANCELLATION NOTICE (aec, ) |
| 08/04/2004 | ❍35 | NOTICE OF HEARING as to James Edward Brown: Change of Plea Hearing set for 8/24/2004 09:00 AM in Abingdon before Judge James P. Jones. (aec, ) |
| 08/23/2004 | ❍40 | MOTION to Continue-Ends of Justice for Guilty Plea by James Edward Brown. (ejs, ) |
| 08/24/2004 | ❍41 | NOTICE OF HEARING as to James Edward Brown: Change of Plea Hearing reset for 8/30/2004 04:30 PM in Abingdon before Judge James P. Jones. (aec) |

| 08/24/2004 | ⬤42 | ORAL ORDER granting 40 Motion to Continue-Ends of Justice as to James Edward Brown (2). Entered by Judge James P. Jones on August 23, 2004. (aec) |
|---|---|---|
| 08/30/2004 | ⬤46 | WAIVER OF INDICTMENT by James Edward Brown (aec) (Entered: 08/31/2004) |
| 08/30/2004 | ⬤47 | INFORMATION as to James Edward Brown (2) count 1s, 2s, 3s. (aec) (Entered: 08/31/2004) |
| 08/30/2004 | ⬤48 | Minute Entry for proceedings held before Judge James P. Jones :Initial Appearance as to James Edward Brown held on 8/30/2004 (Court Reporter Judy Ryder, Contract Reporter.) (aec) (Entered: 08/31/2004) |
| 08/30/2004 | ⬤49 | PLEA AGREEMENT as to James Edward Brown (aec) (Entered: 08/31/2004) |
| 08/30/2004 | ⬤50 | Minute Entry for proceedings held before Judge James P. Jones :Guilty Plea Hearing as to James Edward Brown held on 8/30/2004, Guilty plea entered by James Edward Brown (2) as to Counts 1s, 2s, and 3s. (Court Reporter Judy Ryder, Contract Reporter.) (aec) (Entered: 08/31/2004) |
| 08/31/2004 | ⬤45 | Payment in the amount of $300.00 special assessment as to James Edward Brown Receipt number 115184 (ejs, ) |
| 08/31/2004 | ⬤51 | NOTICE OF HEARING as to James Edward Brown : Sentencing set for 11/15/2004 10:30 AM in Abingdon before Judge James P. Jones. (aec) |
| 10/06/2004 | ⬤53 | MOTION to Reduce Sentence by USA as to James Edward Brown. (Bockhorst, Jennifer) |
| 11/02/2004 | ⬤61 | NOTICE OF HEARING as to James Edward Brown: Sentencing reset for 1/12/2005 10:30 AM in Abingdon before Judge James P. Jones. (aec) |
| 01/11/2005 | ⬤69 | MOTION for Downward Departure by USA as to James Edward Brown. (Bockhorst, Jennifer) |
| 01/14/2005 | ⬤70 | NOTICE OF HEARING as to James Edward Brown: Sentencing reset for 1/21/2005 02:00 PM in Abingdon before Judge James P. Jones. (aec) |
| 01/21/2005 | ⬤72 | Minute Entry for proceedings held before Judge James P. Jones : Motion Hearing as to James Edward Brown held on 1/21/2005 re 69 MOTION for Downward Departure filed by USA; 53 MOTION to Reduce Sentence filed by USA--Sentencing held on 1/21/2005 for James Edward Brown (2)--Counts 1, 3-5, 6 are dismissed / Superseding information filed; Count 1s--Probation term of three (3) years w/ special conditions (concurrent); $100 Special Assessment; Total fine of $5000; Count 2-- Dismissed / Superseding Information Filed; Count 2s--Probation term of three (3) years w/ special conditions(concurrent); $100 Special Assessment; Total fine of $5000; Count 3s--Probation term of three (3) years w/ special conditions(concurrent); $100 Special Assessment; Total fine of $5000. (Court Reporter Bridget Dickert, OCR.) (aec) (Entered: 01/24/2005) |
| | | |

| 01/21/2005 | 🔘73 | ORAL ORDER granting 53 Motion to Reduce Sentence as to James Edward Brown (2); granting 69 Motion for Downward Departure as to James Edward Brown (2). Signed by Judge James P. Jones on January 21, 2005. (aec) (Entered: 01/24/2005) |
| 01/24/2005 | 🔘74 | ORDER DIRECTING FORFEITURE OF PROPERTY as to James Edward Brown. . Signed by Judge James P. Jones on January 21, 2005. (aec) |
| 01/24/2005 | 🔘75 | JUDGMENT as to James Edward Brown (2)--Count 1, 3-5 and 6 are dismissed / Superseding information filed; Count 1s--Probation term of three (3) years w/ special conditions(concurrent); $100 Special Assessment; Total fine of $5000; Count 2 is dismissed / Superseding Information Filed; Count 2s--Probation term of three (3) years w/ special conditions(concurrent); $100 Special Assessment; Total fine of $5000; Count 3s--Probation term of three (3) years w/ special conditions (concurrent); $100 Special Assessment; Total fine of $5000 . Signed by Judge James P. Jones on January 21, 2005. (aec, ) |
| 01/26/2005 | 🔘76 | Payment of $5,000.00 as to James Edward Brown (lmh) |
| 02/11/2005 | 🔘78 | Probation Jurisdiction Transferred to Western District of North Carolina as to James Edward Brown; Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (aec) |